## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | |
|---|---|
| DARLENE KING, individually and as parent and next friend of A.S.P, LATRICE CANNADY, individually and as parent and next friend of G.C.B, ASIA MOODY, as parent and next friend of K.Z.M., and MERCITEEN SMITH, | |
| Plaintiffs, | CIVIL ACTION NO.: 5:14-cv-32 |
| v. | |
| CITY OF WAYCROSS, GEORGIA, | |
| Defendant. | |

## O R D E R

Before the Court is Defendant's Motion to Compel Initial Disclosures.  (Doc. 34.)  For the reasons set forth below, Defendant's Motion is **GRANTED.**

### BACKGROUND

Plaintiffs filed this action on April 11, 2014, alleging that several Waycross, Georgia, police officers unlawfully entered their apartments in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  (Doc. 1.)  Plaintiffs also asserted state law claims of intentional infliction of emotional distress and negligent infliction of emotional distress. (Id.; Doc. 12, ¶¶ 245–347.)  Plaintiffs claimed that "Defendant City of Waycross is liable to Plaintiffs for their resulting injuries, including physical, economic and emotional damages." (Doc. 12, ¶ 194.)  Plaintiffs also sought punitive damages and attorneys' fees. (Id. at ¶¶ 348–53.)

The Court stayed discovery on all claims pending the resolution of Defendant's Motion to Dismiss the Amended Complaint. (Doc. 18.) After the Motion to Dismiss was resolved, the Court ordered the parties to confer and file a proposed discovery report pursuant to Federal Rule of Civil Procedure 26(f).[1] The parties filed that report on May 18, 2015. (Doc. 29.) In that Report, the parties agreed, among other things, that the deadline for exchanging Rule 26(a)(1) disclosures was May 4, 2015. (Doc. 29, p. 1.)

On June 8, 2015, the Court entered a Scheduling Order. (Doc. 31.) Pursuant to that Order, discovery in this case was due by September 8, 2015. Id. However, on July 27, 2015, Defendant filed the instant Motion to Compel and explained that Plaintiffs had not provided their initial disclosures. (Doc. 34.) Chief Judge Lisa Godbey Wood extended discovery for an additional sixty days after Plaintiffs submitted their initial disclosures. (Doc. 36.)

In its Motion to Compel, Defendant asserted that Plaintiffs failed to produce any initial disclosures. (Doc. 34, pp. 1–2.) To remedy Plaintiffs' failure to provide these disclosures, Defendant requested that the Court compel Plaintiffs to respond to the discovery requests and order any further relief the Court deems just and proper. (Doc. 34, p. 4.) With the Motion to Compel, Defendant's counsel included a Statement that he had attempted to resolve these discovery disputes prior to filing the Motion. (Docs. 34-1, 34-2.) Specifically, Defendant's counsel stated he had sent Plaintiffs' counsel e-mails on May 13, 2015, and June 13, 2015, asking Plaintiffs to produce their initial disclosures, but Plaintiffs' counsel had never responded. (Id.) Defendant attached these e-mails to its Motion to Compel. (Doc. 34-1, pp. 4–5.)

On August 12, 2015, Plaintiffs filed their Response to Defendant's Motion to Compel. (Doc. 37.) To that pleading, Plaintiffs attached their Initial Disclosures. (Doc. 37-1.) Plaintiffs

---

[1] The Complaint originally named several Defendants. However, after resolution of the Motion to Dismiss, only the City of Waycross remains as a Defendant. (Doc. 25.)

explained that "[i]t has always been the intention of the Plaintiffs, [through their counsel], to produce the initial disclosures[.]" (Doc. 37, p. 2.) However, Plaintiffs stated they failed to do so "due to inadvertence." Id.

Defendant replied to Plaintiffs' Response on August 20, 2015. (Doc. 39.) Defendant stated that Plaintiffs' disclosures failed to live up to the requirements of Rule 26(f) because they provided no meaningful information. (Id. at p. 2.) Specifically, Defendant pointed out that, rather than disclosing the category and location of documents in Plaintiffs' possession that may support their claims, they only listed documents that are in Defendant's possession. Id. Defendant contended that Plaintiffs provided no computation of damages, and they identified no documents in support of their damages claims. Id. Additionally, Defendant argued that, because Plaintiffs provided no reason for their failure to provide initial disclosures, Plaintiffs should be required to pay Defendant's reasonable expenses, including attorneys' fees, for bringing the Motion to Compel. (Id. at pp. 2–3.) To that end, Defendant attached an affidavit of its counsel attesting that Defendant incurred $1,654.00 in attorneys' fees in the preparation of its Motion to Compel. (Doc. 39-1.)

## DISCUSSION

### I. Defendant's Motion to Compel Plaintiffs to Provide Complete Initial Disclosures.

Federal Rule of Civil Procedure 26 plainly requires parties to provide initial disclosures in all but limited categories of civil actions. Specifically, the Rule requires that parties, without awaiting a discovery request, must provide to all other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). These initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C).

"The goal of the initial disclosure requirement is to accelerate the exchange of basic information about the case." Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 588 (D.N.J. 1997) (internal quotations and citations omitted); see also, Stamps v. Encore Receivable Mgmt., Inc., 232 F.R.D. 419, 422 (N.D. Ga. 2005) ("The goal of the initial disclosure requirement is to get out basic information about the case at an early point.") (citing Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2053). This early production of information "functions to assist the parties in focusing and prioritizing their organization of discovery." City & Cty. of San Francisco v. Tutor–Saliba Corp., 218 F.R.D. 219, 221 (N.D. Ca. 2003). The initial disclosures also enable the parties to assess their risks and undertake an informed settlement analysis as well as facilitating the efficient administration of a case. Id. Further, the Rule itself states, "a party is not excused from making its disclosures because it has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E).

When a party fails to provide initial disclosures, any other party may move the Court to order the non-disclosing party to disclose the required information. Fed. R. Civ. P. 37(a)(3)(A). Furthermore, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the court, on motion and after giving an opportunity to be heard: may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(C). Pertinently, Federal Rule of Civil Procedure 37(a)(4) states, "[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

Plaintiffs claim that they have now met their obligation to provide initial disclosures by attaching disclosures to their Response to Defendant's Motion. (Doc. 37, p. 2.) Thus, they contend the Motion is now moot, and an order to compel "is not necessary." Id. However, as Defendant correctly points out in its Reply, Plaintiffs largely dodged the obligation of Rule 26(a) by providing scant information in their initial disclosures. The bare information that Plaintiffs include in their initial disclosures does little, if anything, to advance the purpose of initial disclosures. See Berry v. Fla. Int'l Univ. Bd. of Trustees, No. 06-21936-CIV, 2008 WL 203362, at *2 (S.D. Fla. Jan. 23, 2008) ("The entire theme of the response entirely misses a major reason for discovery. For years Courts throughout the land have been charged with eliminating 'trial by ambush.' A major purpose of discovery is eliminating surprise. The advent of FRCP 26(a)(1) (the initial disclosures) is to further-not hinder-that goal.") Put simply, Plaintiffs' disclosures are not complete. [2]

---

[2] The lack of details in Plaintiffs' disclosures is particularly troubling given the fact that this case has been pending for over five months. While in some cases initial disclosures are scant and then supplemented as a case progresses, given the age of this case, Plaintiffs should be well apprised of the basic information supporting their claims.

For instance, in their Amended Complaint, Plaintiffs alleged the Defendant is "liable to Plaintiffs for their resulting injuries, including physical, economic and emotional damages." (Doc. 12, ¶ 194.) However, in their disclosures, rather than providing computations of these alleged damages and identifying any documents supporting those computations, Plaintiffs made scarce conclusory statements about the type of damages they are seeking. Id. In so doing, Plaintiffs failed to provide the information required by Rule 26. Fed. R. Civ. P. 26(a)(1)(A)(iii) (disclosing party must provide a "computation of each category of damages claimed by the disclosing party"). As one court has explained,

> The meaning of 'category' of damages is not clear. Presumably, however, it requires more than merely the broad types of damages ('wrongful death,' or 'property damage,' 'bodily injury,' etc.). To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for 'general' damages (pain, suffering or disfigurement) as well as 'special' damages (medical bills, lost wages, cost of repairing damaged property, etc.).

City & Cty. of San Francisco, 218 F.R.D. at 221 (emphasis supplied) (quoting Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001)). "[A] [p]laintiff may not shift to [a d]efendant the burden of attempting to determine the amount of [the] [p]laintiff[s'] alleged damages. Rather, the [p]laintiff must compute in dollars how much [the plaintiff] claims for each category of damages." DeVarona v. Disc. Auto Parts, LLC, No. 12-20714-CIV, 2012 WL 2334703, at *1 (S.D. Fla. June 19, 2012). Several courts have required plaintiffs to provide specific dollar amounts even as to noneconomic damages. See, e.g., Lucas v. Transamerica Life Insurance Co., No. 5:10-CV-76-KKC, 2011 WL 5148883, at *1 (E.D. Ky. Oct. 21, 2011) ("Rule 26(a)(1)(A)(iii) is unambiguous—it applies to each category of damages claimed; it is not limited to economic damages."); Dixon v. Bankhead, No. 4:00CV344-WS, 2000 WL 33175440, at * 1 (N.D. Fla. Dec. 20, 2000), ("[i]f Plaintiff is to be permitted to testify to his intangible

emotional harm, as he should be, he surely can place a dollar value on that from his own perspective. He is in a better position to do this than the jury."). Other courts have excused plaintiffs from including a calculation of noneconomic damages in their disclosures only on the condition that the plaintiffs give up the ability to ask the jury for a specific dollar amount or a range of non-economic damages at trial. DeVarona, No. 12-20714-CIV, 2012 WL 2334703, at *2 ("Therefore, if Plaintiff decides not to disclose a computation for non-economic damages at the initial disclosure phase, then Plaintiff is precluded from suggesting any amount of non-economic damages to the jury at any point or manner during the trial.") (citing Sandoval v. Am. Bldg. Maint. Indus., Inc., 267 F.R.D. 257, 282 (D. Minn. 2007); Gray v. Fla. Dep't of Juvenile Justice, No. 3:06-cv-990-J020MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007)).

Additionally, Plaintiffs did not identify a single document or tangible thing that could support their claims other than those items in Defendant's possession. (Doc. 37-1, pp. 4–5.) The Court finds it remarkable that Plaintiffs intend to proceed in this case with no documentary evidence, including no electronic information, other than that possessed by Defendant.

Given Plaintiffs' incomplete initial disclosures, the Court **GRANTS** the portion of Defendant's Motion requesting that Plaintiffs comply with Rule 26(a)(1)(A). Plaintiffs are **ORDERED** to supplement their initial disclosures and to serve those supplemental disclosures on Defendant's counsel on or before **October 1, 2015**.

While Plaintiffs should ensure that all of their disclosures are complete, the Court specifically directs Plaintiffs to supplement their disclosures regarding damages and documentary evidence. Plaintiffs must disclose more than the broad types of damages they are seeking. Plaintiffs shall state the nature and extent of any injuries that each Plaintiff has suffered and the general and special damages that each Plaintiff is claiming. Plaintiffs must provide a

calculation of the economic damages claimed by each Plaintiff. As for noneconomic damages, if Plaintiffs do not provide a calculation for each Plaintiff, they will be precluded from asking the jury to award a specific dollar amount as to non-economic damages or mentioning a range of non-economic damages at trial. Likewise, should Plaintiffs fail to disclose any documents, electronically stored information, or tangible things that any Plaintiff has in his or her possession, custody, or control, the Court will preclude Plaintiffs from using that evidence to support their claims at trial.

## II. Defendant's Request for Expenses and Attorneys' Fees

In addition to authorizing the Court to compel a party to provide initial disclosures, Rule 37 also authorizes the award of expenses and attorneys' fees to a party that successfully brings a motion to compel. Specifically, the Rule states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, and/or against the attorney who advised such conduct, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1019 (5th Cir. 1981) (party opposing motion to compel liable for moving party's reasonable expenses and attorney's fees regardless of whether party opposing motion acted in bad faith).

In the case at hand, there can be no dispute that Plaintiffs did not provide their initial disclosures until after Defendant moved to compel. See Fed. R. Civ. P. 37(a)(5)(A) (providing for attorney's fee award "if the disclosure or requested discovery is provided after the motion was filed."). Plaintiffs had the opportunity to correct their failure to disclose before the Motion was filed in response to Defendant's counsel's May 13, 2015, and June 13, 2015, e-mails.[3] (Doc. 34-1, pp. 4–5.) Unfortunately, Plaintiffs' counsel never responded to these e-mails. Instead, they did not provide their initial disclosures until August 12, 2015, in response to the Motion to Compel. Thus, the disclosures were provided 100 days after the May 4, 2015, deadline the parties acknowledged in their Rule 26 Report.[4] (See Doc. 29, p. 1.) Additionally, as set forth above, Plaintiffs' belated disclosures are incomplete and evasive. See Fed. R. Civ. P. 37(a)(4) ("[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond.").

In their Response to the Motion, Plaintiffs do not provide any reason or justification for their failure to provide timely disclosures. They merely state that they intended to provide disclosures but failed to do so "due to inadvertence." (Doc. 37, p. 2.) An unexplained mistake by Plaintiffs' counsel should not cause Defendant to shoulder the cost of bringing the Motion to Compel. Stanphill v. Health Care Serv. Corp., No. CIV 06-985 BA, 2008 WL 2359730, at *3 (W.D. Okla. June 3, 2008) ("Even if [the defendant's employees] unexplained lapse [in producing discovery documents] had been inadvertent, as the [d]efendant represents, sanctions would remain appropriate under Federal Rule of Civil Procedure 37(c).")

---

[3] Plaintiffs did not dispute receiving these e-mails in their response. In light of these e-mails, the Court finds that Defendant met its obligation to confer or attempt to confer in good faith to resolve the discovery dispute at hand without Court action. Fed. R. Civ. P. 37(a).

[4] Furthermore, all discovery in this case was originally due by September 8, 2015. (Doc. 31.) For Plaintiffs to wait until less than four weeks remained in the discovery period to complete this initial measure of basic discovery is inexcusable.

The Court has found that Plaintiffs, without substantial justification, did not provide initial disclosures until after Defendant moved the Court to compel them to do so, and they have still failed to provide complete disclosures. Additionally, Defendant made a good faith effort to resolve these disputes before filing its Motion to Compel, and there is no reason that an award of fees would be unjust. Based on these findings, the Court **GRANTS** Defendant's Motion to recover the reasonable expenses, including attorneys' fees, for bringing its Motion to Compel. Fed. R. Civ. P. 37(a)(5)(A). However, while Defendant has provided evidence of their counsel's rates and the amount of expenses they incurred, (see doc. 39-1), they have not detailed the hours counsel worked on the Motion to Compel. See Monaghan v. SZS 33 Assoc.'s, L.P., 154 F.R.D. 78, 84 (S.D.N.Y. 1994) ("As a general rule, a party seeking an award 'should submit evidence supporting the hours worked and rates claimed. Where documentation of hours is inadequate, the district court may reduce the awards accordingly.'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Thus, the Court will reduce the amount of fees awarded from $1,654.00 to $1,000.00. Additionally, Plaintiffs' failure to provide complete and timely initial disclosures appears to be the fault of their counsel rather than Plaintiffs individually. Accordingly, the Court will require that Plaintiffs' counsel pay the award to Defendant. See Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993) (Rule 37 does not require court to make specific finding that attorney instigated discovery misconduct before imposing sanctions upon attorney; rather, the rule identifies attorneys advising or overseeing discovery as possible subjects of sanctions along with clients and vests trial court with broad discretion to apportion fault between them).

## CONCLUSION

Plaintiffs provided their initial disclosures well after the deadline for doing so and only after Defendant moved to compel. Furthermore, their disclosures remain incomplete. Defendant attempted, in good faith, to have Plaintiffs remedy these discovery deficiencies prior to filing this Motion, but Plaintiffs failed to do so. Accordingly, the Court **GRANTS** Defendant's Motion to Compel. Plaintiffs shall supplement their Initial Disclosures or before **October 1, 2015**. Furthermore, Plaintiffs' counsel shall pay the sum of **$1,000.00** to Defendant on or before **October 1, 2015**.

**SO ORDERED**, this 17th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA